**JIN XING GAO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–5779–ag.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

---

Feng Li, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Daniel E. Goldman, Assistant Director, Jonathan Robbins, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Xing Gao, a native and citizen of the People's Republic of China, seeks review of a December 10, 2007 order of the BIA affirming the February 15, 2006 decision of Immigration Judge ("IJ") Paul A. Defonzo pretermitting and denying petitioner's application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jin–Xing Gao*, No. A98 885 562 (B.I.A. Dec. 10, 2007), *aff'g* No. A98 885 562 (Immig. Ct. N.Y. City Feb. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Gao has failed to sufficiently challenge the agency's denial of CAT relief before this Court, and because addressing that claim does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (B.I.A.2007).

As a general matter, we lack jurisdiction to review the agency's determination that an asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3); *see also Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir.2007). While we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), Gao makes no argument that would invoke our jurisdiction. Accordingly, we dismiss Gao's petition to the extent he asks us to review the agency's determination that his asylum application was untimely. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007) (per curiam).

As to Gao's withholding of removal claim, we find that the agency's adverse credibility determination was supported by substantial evidence. First, the agency properly based that determination on Gao's admission during cross-examination that the snakehead who helped him enter the United States also aided him in memorizing his story that he practiced Falun Gong in China. While Gao claimed that he

misunderstood the question, that explanation does not compel the conclusion that this adverse credibility finding was erroneous. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (an alien "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.").

Second, the agency found that Gao's testimony regarding the injuries that he suffered was inconsistent with his medical record and his asylum application. Gao contends that these findings were minor. However, even if they were, under the REAL ID Act the agency was entitled to rely on them in its evaluation of his credibility. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (per curiam).

Third, the IJ found implausible Gao's claim that he did not know Falun Gong was illegal in 2004 where the record demonstrates that it was outlawed in 1999. This finding was proper where the IJ's finding is "tethered to record evidence." *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007)(per curiam). Indeed, the 2005 U.S. Department of State report on China that Gao submitted states that "the Government continued its crackdown against the Falun Gong spiritual movement" that it initiated in 1999.

Already believing Gao's testimony to be incredible, the IJ further noted that Gao had not corroborated his alleged continued adherence to Falun Gong in the United States with witness testimony or affidavits. Because Gao's testimony was not otherwise credible, it was not improper for the IJ to conclude that the absence of available evidence rendered Gao unable to rehabilitate his testimony. *See* 8 U.S.C.

§ 1158(b)(1)(B)(ii); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

With respect to the individualized evidence Gao did submit, the IJ properly deemed it not credible based on Gao's false testimony. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (finding that "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.